UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOLLIS BOUTAIN, ET AL.                          CIVIL ACTION

VERSUS                                          NO: 11-1907

RADIATOR SPECIALTY CO., ET AL.                  SECTION: R(3)


**ORDER AND REASONS**

Before the Court is defendant Exxon Mobil Corporation's motion to dismiss plaintiffs' fraud claims.[1] Because the Court finds that plaintiffs' claims of fraud are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b), defendant's motion is GRANTED.

**I.   BACKGROUND**

Plaintiffs' claims arise from Hollis Boutain's alleged exposure to products containing benzene when he performed home maintenance work and when he worked at a gasoline service station and a refinery. In September of 2010, Boutain was diagnosed with Chronic Lymphocytic Leukemia. Plaintiffs filed a complaint against Radiator Specialty Company, Chevron USA Inc., Exxon Mobil Corporation ("Exxon"), Oil Insurance Limited, and Insco, Ltd.[2]

---

[1]   R. Doc. 18.

[2]   R. Doc. 1.

The complaint asserts that the defendants are manufacturers of benzene-containing products that knew or should have known that exposure to benzene causes leukemia and other blood disorders. Plaintiffs assert claims of negligence, strict product liability, liability under former Louisiana Civil Code article 2317, and fraud.

Exxon filed this Rule 12(b)(6) motion to dismiss plaintiffs' fraud claims that are asserted against it.  Plaintiffs oppose the motion.

## II.   STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not bound to accept as true legal

conclusions couched as factual allegations.  *Iqbal*, 129 S.Ct. at 1949-50.

Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments.  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).  A court is permitted, however, to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  The court may not consider new factual allegations made outside the complaint.  *See Fin. Acquisition Partners, LP,* 440 F.3d at 289.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for fraud claims.  The purpose of Rule 9(b) is to "ensur[e] the complaint 'provides defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims then attempting to discover unknown wrongs.'"  *United States ex. rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)).  Under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  The required conditions of a person's mind, however, may be alleged generally.  *Id.*  The Fifth Circuit

"interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009), *cert. denied*, 130 S.Ct. 199 (2009) (citing *Williams*, 112 F.3d at 177). In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). The requirements of Rule 9(b) are "supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring enough facts [taken as true] to state a claim to relief that is plausible on its face." *Lentz v. Trinchard*, 730 F.Supp. 2d 567, 579 (E.D. La. 2010) (citing *Grubbs*, 565 F.3d at 185) (quoting *Twombly*, 550 U.S. at 570).

State-law fraud claims, such as those alleged by plaintiffs here, are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (explaining that both state-law fraud claims and federal securities claims are subject to the heightened pleading requirements of Rule 9(b)) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("We see no principled reason why the state claims of fraud should escape

the pleading requirements of the federal rules ....")). Louisiana law defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." LA. CIV. CODE art. 1953. "Fraud may also result from silence or inaction." *Id*. The elements of a Louisiana fraud or intentional misrepresentation claim are: 1) a misrepresentation of a material fact; 2) made with intent to deceive; and 3) causing justifiable reliance with resultant injury. *Kadlec Medical Center v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 418 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 631 (2008); *see also Gonzalez v. Gonzalez*, 20 So.3d 557, 563 (La. Ct. App. 2009) *writ denied,* 27 So.3d 305 (La. 2010). In cases concerning "omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the misrepresentations misleading." *Carroll v. Fort St. James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (finding that plaintiffs failed to plead a claim of fraud by omission with sufficient particularity because they did not indicate where the omissions should have appeared, when the defendant had a duty to disclose any information, or how he should have disclosed that information) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hospital*, 355 F.3d 370, 381

(5th Cir. 2004)). To state a claim for fraud by silence or inaction, plaintiffs also must show that the there was a duty to disclose the information. *Kadlec Medical Center*, 527 F.3d at 418 ("To establish a claim for intentional misrepresentation when it is by silence or inaction, plaintiffs also must show that the defendant owed a duty to the plaintiff to disclose the information."); *see also Greene v. Gulf Coast Bank*, 593 So.2d 630, 632 (La. 1992) ("To find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information.").

**III. DISCUSSION**

Plaintiffs claims of fraud against Exxon do not satisfy the requirements of Rule 9(b) for two reasons. First, group pleading is impermissible under Rule 9(b). "'[A] complaint alleging fraud may not group the defendants together.' Plaintiffs must plead specific facts as to each defendant for each of the Rule 9(b) requirements." *Lang v. DirecTV*, 735 F.Supp. 2d 421, 437 (E.D. La. 2010) (quoting *Ingalls v. Edgewater Private Equity Fund III, L.P.*, 2005 WL 2647952, at *5 (S.D. Tex. Oct. 17, 2005)). In the portion of the complaint entitled "Concealment, Misrepresentation, Fraud," plaintiffs make the following allegations:

6

> [T]he Defendants, Radiator Specialty Co., Chevron USA as successor to Gulf Oil and its executive officers, and ExxonMobil, were aware of the dangerous condition presented by exposure to benzene, and that Mr. Boutain would suffer from benzene-related diseases and other ill health effects associated therewith as a result of this exposure. Defendants failed and/or willfully withheld knowledge of the heath dangers from exposure to benzene.

R. Doc. 1, ¶ 55. Plaintiffs fail to differentiate the claims against Exxon from the claims against the other defendants. Further, the plaintiffs do not specify a single person at Exxon who knew of the dangers of benzene or, more importantly, the particulars of what information was known. Nor do plaintiffs identify any plant, office, facility, or laboratory of Exxon's from which knowledge of the dangers of benzene would be likely to be generated. Instead, plaintiffs make general allegations regarding the health hazards of benzene and the defendants' knowledge of those hazards. Plaintiffs allege that the all named defendants were "aware of the dangerous condition presented by exposure to benzene... [and] failed and/or willfully withheld knowledge of the health dangers from exposure to benzene." This conclusory and generic allegation does not meet the particularity requirements of Rule 9(b).

Second, the plaintiffs have not demonstrated that Exxon owed them any duty to disclose information. Plaintiffs have not alleged that Exxon directly employed Boutain. They state that Exxon supplied the service station where Boutain worked, but

7

plaintiffs do not indicate whether the station was owned by Exxon, a franchisee of Exxon, or otherwise explain the relationship between Exxon and Boutain. Because plaintiffs do not articulate the basis for Exxon's duty to disclose, their claim falls short of the requirements of Rule 9(b). *See Carroll*, 470 F.3d at 1174 (dismissing plaintiffs fraud claims because "they failed to allege any facts that, if true, would give rise to a duty of disclosure running from [the defendant] to them. At most, they have offered conclusory allegations that such a duty existed, and that [the defendant] breached it.").

Plaintiffs argue that the requirements of Rule 9(b) should be relaxed here because "factual information is peculiarly within the defendant's knowledge." The Fifth Circuit has held that under such circumstances fraud may be pleaded on information and belief. *See United States ex. rel. Russell v. Epic Healthcare Mgmt Group*, 193 F.3d 304, 308 (5th Cir. 1999) ("We have held that when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the Rule 9(b) standard is relaxed, and fraud may be pled on information and belief, provided the plaintiff sets forth the factual basis for his belief."). Plaintiffs also argue that the pleading requirements should be relaxed because the alleged fraudulent conduct took place over an extended period of time and involved corporate fraud. *See, e.g., Burford v. Cargill, Inc.*, 2011 WL 4382124, at

*12, n.7 (W.D. La. 2011) (noting that some relaxation of Rule 9(b) was appropriate because the complaint alleged "'corporate or business fraud,' such that [p]laintiffs c[ould ]not be expected to have knowledge of all the details which undergird the alleged fraudulent scheme."); *United States ex rel. Johnson v. Shell Oil Co.*, 183 F.R.D. 204, 206 (E.D. Tex. 1998) ("where the fraud allegedly was complex and occurred over a period of time, the requirements of Rule 9(b) are less stringently applied.").  The Fifth Circuit has warned, however, that relaxation of the 9(b) requirements "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  Here, plaintiffs do not make, even on information and belief, particularized allegations of fraud by Exxon.  *See United States v. Hebert*, 295 Fed. Appx. 717, 723 (5th Cir. 2008) ("Pleading on information and belief does not otherwise relieve a ... plaintiff from the requirements of Rule 9(b)).  Therefore, even if a relaxed standard should apply to plaintiffs' complaint, the pleadings are inadequate.

## IV.  CONCLUSION

Plaintiffs' claim of fraud against Exxon does not meet the pleading requirements of Rule 9(b).  Such a failure, however,

9

does not usually justify dismissal without leave to amend. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("a plaintiff's failure to meet the specific pleading requirements [of Rule 9(b)] should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing.") (citing *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985), *cert. denied*, 486 U.S. 1055 (1988)). Accordingly, the Court GRANTS defendant's motion to dismiss plaintiffs' state-law fraud claims against Exxon, without prejudice and with leave to amend within 20 days.

New Orleans, Louisiana, this 8th day of December, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE