UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOLLIS BOUTIAN, ET AL<br>　　Plaintiffs | *<br>* | CIVIL ACTION NO.: 11-1907 |
| | * | SECTION: "R" (3) |
| VERSUS | * | |
| | * | JUDGE: VANCE |
| RADIATOR SPECIALTY COMPANY,<br>ET AL | * | |
| 　　Defendants | * | MAGISTRATE: KNOWLES |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS' INDUSTRIAL HYGIENIST, JOHN SPENCER

Plaintiffs, Hollis Boutian and Edna Boutian, through undersigned counsel, respectfully request that this Honorable Court grant their motion to exclude the testimony of Defendants' industrial hygienist, John Spencer.

Spencer's testimony should be excluded because his opinion, that Mr. Boutian was not exposed to dangerous amounts of benzene while working as an operator at the Alliance Refinery from 1972 through 1976, is not the "product of reliable and scientific principles and methods." *Daubert*[1] and Rule 702 of the Federal Rules of Evidence (FRE) require that an expert's opinion be generally accepted in the scientific community and, among other things, be the product of reliable methods.[2]  Mr. Spencer's opinions are not based on valid scientific methodology.  In

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, 1 Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[2] This Court has issued several decisions addressing *Daubert* challenges to witnesses. See generally *Gustings v. Travelers & Standard Fire Ins. Co.*, No. Civ. A 07-4443, 2008 WL 4948837 (E.D.La. Nov. 18, 2008) (Engelhardt, J.) (discussing *Daubert* requirements); *Wyeth v. Rowan Companies, Inc.*, No. Civ. A 07-2823, 2008 WL 3975625 (E.D. La. Aug. 26, 2008) (Engelhardt, J.) (same); *Wilson v. Thompson/Center Arms Co., Inc.,* No. Civ. A 05-6493, 2007 WL 4727639 (E.D. La. Nov. 1,

forming his opinions, Mr. Spencer makes incorrect assumptions regarding the level and nature of OSHA Permissible exposure Limits (PEL) to benzene.

For the reasons more fully explained in the attached Memorandum in support, Hollis and Edna respectfully request that this Court grant their motion to exclude the opinions and testimony of Defendants' industrial hygienist, John Spencer.

                                      Respectfully Submitted:

                                      *s/ Amber E. Cisney*
Richard J. Fernandez (La. Bar No. 5532)
Amber E. Cisney (La. Bar No. 28821)
Richard J. Fernandez, LLC
3000 West Esplanade Avenue, Suite 200
Metairie, Louisiana 70002
Telephone: (504) 834-8500
Facsimile: (504) 834-1511
E-mail: rick@rjfernandez.com

s/L. Eric Williams, Jr.
L. Eric Williams, Jr. (La. Bar No. 26773)
**Williams Law Office, LLC**
433 Metairie Road, Suite 302
Metairie, Louisiana 70005
Telephone: (504) 832-9898
Facsimile: (504) 832-9811
E-mail: eric@amlbenzene.net
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that this pleading has been served upon all counsel via CM/ECF on February 26, 2013.

        *s/Amber E. Cisney*

---

2007)(Engelhardt, J.) (same); *NREC Power Systems, Inc. v. Miba Bearings U.S. L.L.C.*, No. Civ. A 05-4205,2007 WL 2264756 (E.D. La. Aug. 2, 2007) (Engelhardt, J.). See also *U.S. v. Bennet*t, No. 06-41233, 258Fed.Appx. 671 (5th Cir. Dec. 13, 2007) (not designated for publication) (discussing *Daubert* requirements), cert. denied, --- U.S. ---, 128 S.Ct. 2904, 171 L.Ed.2d 844 (2008).