UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOLLIS BOUTAIN AND EDNA FAYE                CIVIL ACTION
BOUTAIN

VERSUS                                      NO: 11-1907

RADIATOR SPECIALTY CO., ET AL.              SECTION: R

## ORDER AND REASONS

Before the Court is plaintiffs' motion to strike witnesses. The Court finds that it is unable to rule on the motion in light of the extraordinary number of witnesses at issue and the lack of information as to the subjects on which they will testify. The Court thus orders defendants to resubmit their list of witnesses by Friday, March 1, 2013. Of the 65 witnesses to which plaintiffs object, the Court orders defendants to select 15 individuals who may serve as witnesses and to include the subject matter on which they may testify.[1] At that time, plaintiffs may refile a motion to strike. Discovery will be adjusted by the Court as needed.

## I.    BACKGROUND

This dispute centers on Mr. Boutain's alleged exposure to benzene during his work in the 1970s. Defendants filed a motion to continue trial, which the Court granted. Trial was reset for

---

[1]     Although plaintiffs object to the inclusion of Drs. Patrick McCaslin, Jan Burger, Jack Saux, Chad Braden, and Paul Van Deventer, plaintiffs acknowledge that they could reasonably anticipate that these individuals would be called as witnesses. Accordingly, these individuals are not included in the list of witnesses that must be modified.

April 22, 2013. Pursuant to the amended scheduling order, the parties filed witness lists on February 4, 2013. Defendants identified 83 specific witnesses.[2] Plaintiffs moved to strike on the grounds that defendants failed to disclose the identities of the individuals before submitting their witness list and have not provided any information on the subject of the witnesses' testimony.[3] Defendants then filed a supplemental witness list, in which they identified five additional fact witnesses.[4] Plaintiffs filed a reply brief in which they requested that the Court also strike the individuals named in the supplemental witness list.[5]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) describes a party's initial disclosure requirements and states that a party must provide to the other parties, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the

---

[2]    R. Doc. 82. Plaintiffs state that defendants listed 86 specific witnesses, but in fact this figure includes three entries that do not identify specific individuals. *Id.* at 7-8.

[3]    R. Doc. 85.

[4]    R. Doc. 88. Six individuals were listed, but one, J.L. Billingsley, was included on the initial witness list.

[5]    R. Doc. 100.

disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. Pro. 26(a)(1)(A)(i). A party must also disclose a copy "of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Fed. R. Civ. Pro. 26(a)(1)(A)(ii). The initial disclosure must be supplemented later in the proceedings if the party learns that the disclosure made "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. Pro. 26(e)(1)(A).

Rule 37 states that if a party does not provide information or disclose a witness as required by Rule 26(a) and (e), the party may not use that information or witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. Pro. 37(c)(1). The Fifth Circuit has identified four factors that a court should consider in determining whether a violation of Rule 26 is harmless or substantially justified: 1) the importance of the evidence; (2) the prejudice to the opposing party if the evidence is included; (3) the possibility of curing such prejudice by granting a continuance; and (4) the party's explanation for its failure to disclose. *Tex. A & M. Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

## III. DISCUSSION

Plaintiffs contend that 65 witnesses were not properly disclosed.[6] These individuals comprise both general fact witnesses and fact witnesses on the subject of Mr. Boutain's health care. Defendants' initial disclosure regarding the individuals likely to have discoverable information did not identify any of the individuals.[7] This initial disclosure was not supplemented until February 15, 2013, after plaintiffs' motion to strike was filed. Further, the supplemental disclosure did not identify the anticipated subjects of the individuals' testimony but rather grouped the individuals into broad categories such as "medical care provider".[8]

Defendants contend that many of the individuals included on the witness list are known to plaintiffs and that plaintiffs had ample time to depose them before the close of discovery. Although the names of some witnesses may have appeared in documents exchanged by the parties or been mentioned during depositions,

---

[6]     Plaintiffs identify 66 names in their motion to strike and an additional five in their reply memorandum. The Court finds that plaintiffs over-counted by one the number of health care fact witnesses. *See* R. Doc. 85-1 at 6 (counting "Mary Bird Perkins Cancer Center" as a witness). Additionally, plaintiffs acknowledge that they could have reasonably anticipated the listing as witnesses of five health professionals who treated Mr. Boutain. Therefore, by the Court's calculation, there are 65 witnesses in dispute.

[7]     R. Doc. 85-3.

[8]     R. Doc. 100-3.

the number of witnesses listed by defendants and the lack of information as to each individual's knowledge leave the Court unable to determine which witnesses should be allowed to testify. For example, defendants point to Mr. Boutain's deposition testimony, in which he identified a number of former colleagues.[9] The comments to the 1993 Amendment to Rule 26(e) cite as an example of when information has otherwise been made known through discovery a situation in which "a witness not previously disclosed is identified during the taking of a deposition." But, Mr. Boutain also indicated that several of these individuals are deceased.[10] Nevertheless, these individuals are listed as witnesses by the defendants, an oversight that demonstrates defendants' inclusion of witnesses that they have absolutely no intention of calling.

Trial is presently set for April 22, 2013, and the discovery deadline is March 5, 2013. Although defendants state that they will reduce their list of witnesses as more information becomes available, the Court finds that it is too late in the litigation process for defendants to present such an unwieldy and inaccurate list of witnesses. Further, without information as to the topics on which the witnesses may testify, plaintiffs have no ability to determine the individuals whom they should depose. The Court

---

[9]    R. Doc. 95-3.

[10]   *Id.* at 7.

informs the parties that they will be limited in the amount of time allotted for their presentations at trial, which will necessitate greater precision in the identification of witnesses and exhibits.

Accordingly, the Court orders defendants to resubmit their witness list in the following manner. Defendants may include their expert witnesses and any other witnesses to whom plaintiffs do not object, including Dr. Patrick McCaslin, Dr. Jan Burger, Dr. Jack Saux, Dr. Chad Braden, and Dr. Paul Van Deventer. Of the 65 witnesses in dispute, defendants shall select at most 15 individuals whom it may call to testify. Defendants shall indicate the subject matter on which these individuals may testify. Following defendants' submission, plaintiffs may refile their motion to strike, if necessary, and discovery may be extended if needed.

**IV.   CONCLUSION**

For the foregoing reasons, the Court orders defendants to resubmit their list of witnesses by Friday, March 1, 2013 as described above.

New Orleans, Louisiana, this 27th day of February, 2013.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

6